```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-23251-Civ-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE

ORRETT S. KERR,                 :

      Petitioner,               :
v.
                                :      REPORT OF
STATE OF FLORIDA,[1]                   MAGISTRATE JUDGE
                                :
      Respondent.
_____  :
```

Orrett S. Kerr, a state prisoner confined at Gulf Correctional Institution at Wewahitchka, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the lawfulness of his convictions and sentences entered in Case No. 02-02478 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.[2]

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the

---

[1] Since Kerr is under the lawful authority and in the "custody" of the Florida Department of Corrections, the correct respondent in this habeas corpus proceeding is Walter A. McNeil, Secretary of the Florida Department of Corrections. The Office of the Attorney General of Florida has filed a response on behalf of the Florida Department of Corrections.

[2] Although the face of Kerr's form petition appears to indicate that he is attacking convictions entered in Miami-Dade County Circuit Court Case No. 01-30274 as well as No. 02-02478, a careful review of the petition in its entirety in conjunction with the supporting exhibits indicates that Kerr is only attacking the convictions entered in Case No. 02-02478. (Petition)(DE# 1). Accordingly, the order to show cause issued to the respondent related only to Kerr's convictions in Case No. 02-2478, and the respondent has tailored his response to Case No. 02-02478. In the event that Kerr also intended to challenge his convictions and/or sentences entered in Case No. 01-30274, he is advised that he needs to file a separate habeas corpus petition in this Court specifically challenging those convictions and sentences. Kerr is advised that such petition is to be filed only after all state court remedies have been properly exhausted. He is further advised that this Court makes no determination whatever at this time as to the timeliness of any future petition and/or the likelihood of success of any such petition.

United States District Courts.

For its consideration of the petition with attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period with supporting exhibits, and the respondent's response to an order to show cause with multiple exhibits.

Kerr raises the following grounds for relief:

1. He received ineffective assistance of trial counsel, because his lawyer failed to conduct a proper pre-trial investigation into the facts of the case and call as a defense witness Denise Jones who would have provided exculpatory testimony.

2. He received ineffective assistance of appellate counsel, because his lawyer failed to raise on direct appeal the issue that the prosecutor made improper comments during closing argument regarding a gun.

3. His convictions of aggravated assault on a law enforcement officer and assault on a law enforcement officer are unlawful in that the charging information failed to allege a well-founded fear of imminent violence, a required element of aggravated assault.

4. His conviction and sentence for possession of a firearm by a convicted felon are unlawful, because they were based upon a prior felony where a withhold of adjudication had been entered.

The pertinent procedural history of this case is as follows. Kerr was charged with possession of a firearm by a convicted felon (Count 1), resisting an officer with violence (Count 2); carrying a concealed firearm (Count 3), attempted first degree murder of law enforcement officer Eric Gonzalez (Count 4), and attempted first degree murder of law enforcement officer Roderick Passmore (Count 5). (DE# 14; Ex. A, B). The crime charged in Count 1 was severed from the other offenses before trial, and Kerr proceeded to trial before a jury on all other offenses. Id. The jury found Kerr

guilty of the offenses of resisting an officer with violence; carrying a concealed firearm; aggravated assault on law enforcement officer Gonzalez with a firearm and without use of the firearm, a lesser included offense; and assault on law enforcement officer Passmore, a lesser included offense. Id.  Kerr was sentenced to terms of imprisonment of five years as to Counts 2 and 3, thirteen years with a three-year minimum mandatory as to Count 4, and 364 days as to Count 5. Id. Kerr prosecuted a direct appeal from his convictions and sentences, raising the issue presented in this federal petition as ground three as well as several additional unrelated issues. Id. On September 27, 2006, the Florida Third District Court of Appeal in a written opinion affirmed all convictions save for the conviction of resisting an officer with violence, which was reversed.[3] Kerr v. State, 937 So.2d 1246 (Fla. 3 DCA 2006).

Kerr also pursued pro se postconviction relief in the trial and appellate courts. He first filed on August 28, 2007, a motion pursuant to Fla.R.Crim.P. 3.850, subsequently amended, raising seven grounds for relief, which included the claim raised here as

---

[3]Specifically, the appellate court held that although the charging document had improperly failed to include an essential element of the offense of aggravated assault on a law enforcement officer (i.e. the victim had a well-founded fear of imminent violence), Kerr's conviction and sentence for the lesser included offense of aggravated assault did not constitute fundamental error because it was lesser in degree and penalty from the charged offense of attempted first degree murder of a law enforcement officer. Kerr v. State, 937 So.2d 1246, 1247 (Fla. 3 DCA 2006). However, regarding the instruction to the jury on the resisting an officer with violence charge, the court held that such instruction that the detention and arrest were a lawful execution of a legal duty was erroneous, requiring the reversal of the conviction and remand for a new trial on the count. Id.

ground one.[4] (DE# 14; Ex. I, J). The trial court conducted an evidentiary hearing on a ground not presented in this federal petition, and Kerr was subsequently denied relief on that claim in a written order. (DE# 14; Ex. F-1). In the same written order, the trial court summarily denied Kerr relief as to all other grounds presented, finding those claims refuted by the record. (DE# 14; Ex. F-1). The trial court's ruling was affirmed by the state appellate court in a *per curiam* decision without written opinion issued on October 15, 2008. Kerr v. State, 995 So.2d 504 (Fla. 3 DCA 2008). The mandate issued on December 2, 2008, after Kerr's motion for rehearing was denied. (DE# 14; Ex. M). See also http://www.3dca.flcourts.org.[5]

While the appeal from his denial of the Rule 3.850 motion was pending in the appellate court, Kerr filed on August 2, 2008, in the same court a petition for writ of habeas corpus, challenging his convictions and sentences on the identical claim presented here as ground three. (DE# 14; Ex. D). He also filed on October 7, 2008, a second petition for writ of habeas corpus in which he alleged that he received ineffective assistance of appellate counsel in connection with his direct appeal on four enumerated grounds. (DE# 14; Ex. E). In a single response, the state addressed the claims presented in the two petitions and asserted that Kerr was not entitled to relief on his claims. (DE# 14; Ex. F). Kerr filed a consolidated reply to the state's response. (DE# 14; Ex. G). Upon Kerr's motion, the appellate court consolidated the two habeas

---

[4] Kerr also apparently earlier challenged his sentences in a pro se motion pursuant to Fla.R.Crim.P. 3.800(c), which was denied on November 30, 2006. (DE# 14; Ex. D).

[5] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Florida Third District Court of Appeal, http://www.3dca.flcourts.org., in Kerr v. State, Case No. 3D08-2353 (Fla. 3 DCA 2005). See Fed.R.Evid. 201.

corpus proceedings. See Kerr v. State, Nos. 3D08-2018, 2599 (Fla. 3 DCA 2008). See also http://www.3dca.flcourts.org.[6] By order entered in the cases on January 12, 2009, the Clerk of Court, Miami-Dade County Circuit Court has been ordered to transmit certain documents to the appellate court by March 13, 2009. Id. It also appears that while the above-mentioned proceedings remained pending, Kerr filed in the trial court on or about October 8, 2008, a second pro se Rule 3.800 motion, raising the identical claim presented here as ground four. See Petition at 11-12. (DE# 1). See also Exhibits attached to DE# 8. Kerr states in his federal petition that the motion remains pending before the trial court. Id.

In the interim, while state court proceedings were ongoing, Kerr came to this Court, filing on November 14, 2008,[7] the instant petition pursuant to 28 U.S.C. §2254, raising the four above enumerated grounds for relief. In response to an order to show cause, the respondent has solely asserted that the instant petition should be dismissed as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2). (DE# 12). The petitioner has filed a response to the order regarding the limitations period with supporting exhibits. (DE# 8). Review of the record by this Court indicates that the respondent's assertion of time-bar is erroneous.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of

---

[6]The Court again takes judicial notice of information available at the database maintained by the Clerk of Court, Florida Third District Court of Appeal, http://www.3dca.flcourts.org.

[7]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 16)(DE# 1).

5

limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[8] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[9] 28 U.S.C. §2244(d)(2).

Kerr's convictions and sentences became final for purposes of 28 U.S.C. §2244(d)(1) on December 26, 2006, ninety days after the Florida appellate court affirmed the convictions and sentences on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002). The instant petition was,

---

[8]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[9]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

therefore, due in this Court on or before December 27, 2007, to be timely filed unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Kerr has pursued postconviction proceedings in the state trial and appellate courts by filing motions pursuant to Fla.R.Crim.P. 3.800 and 3.850 and state habeas corpus petitions.

Although the respondent has acknowledged in his procedural history of this case that Kerr has pursued Rule 3.850 and habeas corpus proceedings in the state courts, he has failed to consider such pertinent proceedings when discussing the timeliness of the instant petition. Specifically, the respondent has completely overlooked Kerr's pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. See Response to Order to Show Cause at 9. (DE# 12). The Rule 3.850 motion was filed on August 28, 2007,[10] 244 days after the convictions and sentences were affirmed on direct appeal. Postconviction proceedings have been pending ever since. Consequently, contrary to the respondent's assertion, this petition is timely in that it was filed within one year after the date the convictions and sentences became final when giving Kerr all the tolling time credit which he is due. See 28 U.S.C. §2244(d)(2). Dismissal of the petition as time-barred is, therefore, not appropriate.

Although the instant petition has been timely filed, dismissal remains appropriate, albeit for an alternate reason. An applicant's federal writ of habeas corpus will not be granted unless the

---

[10] Florida also recognizes the "mailbox" rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner's certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner's motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994).

applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[11] See Mauk v. Lanier, 484 F.3d 1352, 1357 (11 Cir. 2007). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850.

---

[11]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>         (A) the applicant has exhausted the remedies available in the courts of     the State; or
>         (B)(i) there is absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>                 . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992). Further, claims of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439, 442 n.1 (Fla. 1990).

From review of the record, it is clear that Kerr is currently in the process of exhausting his challenges with regard to his convictions and sentences, as acknowledged by both the petitioner and the respondent. Dismissal for lack of exhaustion is warranted under the circumstances of this case. See Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11 Cir. 2007), citing, Rose v. Lundy, 455 U.S. 509, 522 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Kerr cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Kerr challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254.

Since the instant proceeding has been timely filed and the petitioner has sufficient time to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his convictions and sentences, a dismissal rather than a stay of the instant proceeding is the appropriate course of action. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims when an outright dismissal of the petition will render it unlikely

or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act). While this federal petition when filed was timely, in order for any future federal petition not to be time-barred, Kerr is advised that he must comply with the one-year statute of limitation requirement. See 28 U.S.C. §2244(d)(1)-(2).[12] Thus, the petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to this Court promptly after all state court remedies have been exhausted.[13] 28 U.S.C. §2244(d).

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

---

[12]As indicated herein, the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

[13]Kerr instituted postconviction proceedings 244 days after his convictions and sentences became final and he has continued to pursue state postconviction relief thereafter. With no additional intervening untolled time, Kerr came to this Court, filing the instant habeas corpus petition. Consequently, in order for his second federal petition not to be time-barred, Kerr must file the petition on or before 121 days after all state postconviction proceedings have concluded.

SIGNED this 10<u>th</u> day of February, 2009.

                                                UNITED STATES MAGISTRATE JUDGE

cc:  Orrett S. Kerr, <u>Pro Se</u>
     DC# M04601
     Gulf Correctional Institution
     500 Ike Steele Rd.
     Wewahitchka, FL 32465-0010

     Jill D. Kramer, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131